IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

MISTY M. HOLT                                                                 PLAINTIFF

v.                                          CIVIL NO. 20-3076

KILOLO KIJAKAZI,[1]  Acting Commissioner
Social Security Administration                                              DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Misty M. Holt, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner of the Social Security Administration (Commissioner) ceasing her entitlement to disability benefits as of November 1, 2018.

Plaintiff protectively filed an application for disability insurance benefits on July 14, 2016, alleging an inability to work since April 10, 2016. (Tr. 285). On February 21, 2017, Plaintiff received a favorable decision finding her disabled as of April 10, 2016.  On November 14, 2018, Defendant notified Plaintiff that her benefits would cease as of November 1, 2018, due to a medical improvement. (Tr. 149-151).  Plaintiff requested reconsideration and, on August 26, 2019, a disability hearing officer determined that Plaintiff's medical conditions had improved and her residual functional capacity (RFC) had increased. (Tr. 158-167).  Plaintiff requested a hearing before an ALJ which was held telephonically on April 14, 2020. (Tr. 30-71).

In a written decision dated June 3, 2020, the ALJ affirmed the disability hearing officer's determination. (Tr. 10-20). The ALJ found that the most recent favorable decision finding

---

[1] Kilolo Kijakazi, has been appointed to serve as Acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

Plaintiff disabled as of February 21, 2017, is known as the comparison point decision (CPD). At the time of the CPD, Plaintiff had the following medically determinable impairments: history of necrotizing hemorrhagic pancreatitis secondary to alcohol abuse, leading to organ failure; a gastrointestinal bleed; and repeated paracentesis. These impairments were found to result in a less than sedentary RFC. The ALJ found Plaintiff had not engaged in substantial gainful activity during the time period in question. The ALJ determined the medical evidence established that since November 1, 2018, Plaintiff had the following severe impairments: history of necrotizing hemorrhagic pancreatitis; status-post radial fracture; and anxiety. However, after reviewing all of the evidence presented, the ALJ determined that since November 1, 2018, Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. The ALJ found Plaintiff's medical improvement occurred on November 1, 2018. Specifically, the ALJ found by mid-2018 Plaintiff's medical treatment had decreased and that treatment for her pancreatitis consisted primarily of anti-nausea medication, a proton-pump inhibitor, and continued alcohol abstention. Since November 1, 2018, the ALJ found Plaintiff's impairments present at the time of the CPD decreased in medical severity to the point where Plaintiff has the RFC to perform light exertional work. The ALJ found Plaintiff's medical improvement was related to the ability to work because it resulted in an increase in Plaintiff's RFC. Based on the impairments present since November 1, 2018, the ALJ found Plaintiff retained the RFC to:

> perform light work as defined in 20 CFR 404.1567(b) except she is limited to simple, routine, and repetitive tasks involving only simple work-related decisions, with few, if any, workplace changes and no more than incidental contact with coworkers, supervisors, and the general public.

(Tr. 15). With the help of a vocational expert, the ALJ found that since November 1, 2018, Plaintiff could perform work as a housekeeper, and a hand packager.

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied the request on October 29, 2020. (Tr. 1-6). Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 17, 18).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff argues the following point on appeal: the ALJ erred in failing to make a proper credibility finding. (ECF No. 17, p.2). Defendant argues the ALJ properly considered all of the evidence, including treatment records and medical opinion evidence, and the decision was supported by substantial evidence. (ECF No. 18). The Court has reviewed the entire transcript and the parties' briefs.

In determining that Plaintiff maintained the RFC to perform light work with limitations for the time period in question, the ALJ considered the medical assessments of the examining and

non-examining agency medical consultants; Plaintiff's subjective complaints; and her medical records. While Plaintiff disagrees with the ALJ's RFC determination, after reviewing the record as a whole the Court finds Plaintiff failed to meet her burden of showing a more restrictive RFC. *See Perks v. Astrue*, 687 F. 3d 1086, 1092 (8th Cir. 2012)(burden of persuasion to demonstrate RFC and prove disability remains on claimant). With respect to Plaintiff's alleged nausea and vomiting on a daily basis, a review of the record revealed Plaintiff consistently denied having gastrointestinal issues when she was seen by her primary care physician. In the most recent medical record dated February 17, 2020, Plaintiff sought treatment for pain in her finger after renovating a window and breaking out glass. At that time, Plaintiff denied having problems with vomiting or nausea. As for Plaintiff's alleged mental impairment, the ALJ found Plaintiff's anxiety was severe but only caused moderate impairment of her activities of daily living. It is noteworthy that in February of 2020, Plaintiff denied having difficulty concentrating; moving; speaking so slowly others noticed; or being fidgety or restless. After reviewing the record as a whole, the Court finds substantial evidence to support the ALJ's RFC determination for the time period in question.

After reviewing the entire transcript, the Court finds substantial evidence supporting the ALJ's determination that Plaintiff is no longer disabled as she experienced a medical improvement related to her ability to work.

For the reasons stated in the ALJ's well-reasoned opinion and the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), *aff'd*, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 20th day of December 2021.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE